**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURJIT SINGH, | No. 1:26-cv-01322 JLT CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING RESPONDENTS TO PROVIDE A BOND HEARING |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | |
| Respondents. | (A-Number 221-349-677) |
| | (Doc. 8) |

Gurjit Singh is a federal immigration detainee. He initiated this action by filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a related request for emergency injunctive relief on February 14, 2026, while in custody of Immigration and Customs Enforcement at the Golden State Annex Detention Facility in McFarland, California. (Docs. 1, 2.) On February 17, 2026, the Court denied Petitioner's TRO motion as untimely and referred the matter to the assigned magistrate judge for a determination on the merits of the petition. (Doc. 6.)

On April 20, 2026, the assigned magistrate judge issued findings and recommendations to grant in part Petitioner's petition for writ of habeas corpus only as to Petitioner's procedural due process claim. (Doc. 8.) The magistrate judge recommended that Petitioner be immediately released. (*Id*.) The Court served the findings and recommendations on all parties, and Respondents timely filed objections. (Doc. 9.)

Respondents object to the findings and recpmmendations for the same reasons advanced

in Respondents' earlier filing, to wit, that Petitioner is an applicant for admission such that his detention is governed by and mandatory under 8 U.S.C. § 1225(b) and that Petitioner is not entitled to a bond hearing or immediate release. (*Id.*; *see* Doc. 7.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis in part. The Court agrees that Petitioner should prevail on his procedural due process claim. However, the Court departs as to the appropriate remedy. Petitioner's January 2026 arrest warrants examination by an immigration judge to determine if release is appropriate. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on April 20, 2026 (Doc. 8) are **ADOPTED** in part.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** in part as to Petitioner's procedural due process claim.

3. Respondents **SHALL PROVIDE** Petitioner with a bond hearing within fourteen days before an immigration judge at which the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a flight risk; or in the alternative, release Petitioner on appropriate conditions of supervision.

4. The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

_____
UNITED STATES DISTRICT JUDGE

2